IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND H. DICKERSON | : | CIVIL ACTION |
| v. | : | |
| FIRST JUDICIAL DIST. COURT OF PLEAS, et al. | : | NO. 13-5041 |

MEMORANDUM

BARTLE, J.                                         SEPTEMBER 23, 2013

Plaintiff Raymond H. Dickerson brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against the First Judicial District Court of Common Pleas, the First Judicial District Municipal Court, the Philadelphia Prison System, and Attorney Brian Fishman. The Court has granted plaintiff leave to proceed in forma pauperis and will now dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

I.  FACTS

Plaintiff claims that he was denied his constitutional rights in connection with criminal proceedings brought against him in state court. Plaintiff appears to be referring to proceedings in the Philadelphia Municipal Court and the Philadelphia Court of Common Pleas, which resulted in his conviction and imprisonment. See CP-51-CR-0013045-2011; MC-51-CR-0010854-2009. Among other things, plaintiff alleges that Attorney Brian Fishman, who had been appointed to represent plaintiff at one point during those proceedings, was ineffective and "verbally combative and very argumentative." (Compl. ¶ III.C.; see also MC-51-CR-0010854-2009.) Plaintiff also

1

challenges the constitutionality of his sentence, pursuant to which he was confined within the Philadelphia Prison System for a period of time. Plaintiff complained to correctional officers and filed grievances concerning the above issues, but the Philadelphia Prison System did not do anything in response to his complaints.

Accordingly, plaintiff initiated this lawsuit, pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights. He ask this court to "quash and overturn[]" his criminal convictions and/or sentence, and to remove a warrant that has been issued against him. (Compl. V.) He also seeks monetary damages.[1]

## II. STANDARD OF REVIEW

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same

---

[1] Plaintiff also indicates that he filed civil actions in state court, which he seeks to have removed to this court. However, a plaintiff may not remove his own case to federal court. See Conner v. Salzinger, 457 F.2d 1241, 1242-43 (3d Cir. 1972).

2

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). As there is no indication that plaintiff's convictions and/or sentence have been invalidated, his claims for damages are not cognizable in a § 1983 action. His request that this court overturn his conviction and sentence is likewise not cognizable in a civil rights case. See Williams v. Sec'y Pa. Dep't of Corr., 459 F. App'x 87, 89 (3d Cir. 2012) (quoting Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)).

In any event, plaintiff's claims lack legal merit for other reasons. There is no basis for plaintiff's claims against the First Judicial District Court of Common Pleas and the First Judicial District Municipal Court because Pennsylvania courts are entitled to Eleventh Amendment immunity from suit under § 1983 and, in any event, are not "persons" for purposes of that provision. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005). Plaintiff's claims against Attorney Fishman are also baseless because "a public defender does not act under color of state law [for purposes of § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)(footnote omitted). Furthermore, nothing in the complaint suggests that a policy or custom of the Philadelphia Prison System caused the alleged violation of plaintiff's rights in this case. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it does not appear as though plaintiff can cure the above deficiencies. Accordingly, plaintiff will not be permitted to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.